**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ISRAEL MALDONADO,

Petitioner,

v.

DIRECTOR,

Respondent.

Case No.: 1:12-cv-01898-JLT

FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS

ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on November 6, 2012 in the United States District Court for the Central District of California and transferred to this Court on November 19, 2012. (Docs. 1 & 5). Petitioner alleges that he is in Respondent's custody, serving a prison sentence resulting from a criminal conviction for which Petitioner has not provided any information or details. However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner raises three related grounds for relief in his petition: (1) prison staff have impeded Petitioner's ability to receive visitors and have sexually assaulted Petitioner's mother when she has visited him in prison; (2) prison staff have apparently confiscated a "purple heart" belonging to Petitioner and have coerced Petitioner's

mother into making statements that exonerate staff misconduct; and (3) prison staff have detained Petitioner's mother for lengthy periods of time without reason. (Doc. 1, pp. 5-8).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that prison staff have impeded the ability of family members to visit Petitioner in prison, they have sexually assaulted Petitioner's mother when she has visited him and unlawfully detained her, they have confiscated personal property of Petitioner without his consent, and have coerced Petitioner's mother into making statements that absolve them of any misconduct. Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. No relief that Petitioner could request vis-à-vis the instant three claims either could or would affect the fact or duration of Petitioner's sentence. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

///

///

[1] Plaintiff is advised that if he chooses to pursue a complaint under 42 U.S.C. § 1983, he may assert claims based only upon injuries he suffered rather than injuries suffered by others, i.e., injuries suffered by Plaintiff's mother.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 20, 2012**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE